PER CURIAM.
This appeal is taken by Thomas William Hyslop, III, a defendant below, from a summary judgment holding him liable on his guaranty of a certain debt of All State Fabrication and Manufacturing, Inc. We reverse.
Plaintiff, O’Neal Steel, Inc., filed its complaint to recover amounts owed for certain goods sold and delivered to some entity shown on its account statement (exhibit A to the complaint) as “Allstate Fabrication and Manufacturing, Inc.” (hereafter “Manufacturing”). The complaint named as a defendant “ALL STATE FABRICATORS, INC., a Florida corporation, a/k/a ALLSTATE FABRICATION & MFG., INC.,” (hereafter “Fabricators”), thereby treating both named businesses as a single entity, and alleged alternative counts for recovery of the indebtedness based on open account and goods sold and delivered. No separate corporation or other entity doing business under the name “Allstate Fabrication and Manufacturing, Inc.” was ever named in the complaint or made a party to the action. The complaint also named appellant Hyslop and Harry B. Trussell as defendants and sought recovery from them based on a guaranty given to O’Neal Steel in which they agreed to “guarantee, absolutely and unconditionally, at all times, unto you, the payment of any indebtedness or balance of *492 indebtedness” of “ALLSTATE FABRICATION & MFG. INC.” of “Jacksonville ... Florida.”
The record contains evidence sufficient to establish without dispute that O’Neal Steel sold and delivered goods in the amount of $33,921.34 to some entity named “All State Fabrication and Manufacturing, Inc.” in Jacksonville, and that such entity paid $17,156.00 on account of that debt. Appellant contends, however — and we are compelled to agree — that at no time did the complaint ever allege that any corporation or entity other than “All State Fabricators, Inc., a.k.a. Allstate Fabrication & Mfg., Inc.,” was indebted to it for the goods alleged. The answer filed by Hyslop disputed liability on the guaranty for the debt allegedly owed by Fabricators based on the fact that Manufacturing, as to which he guaranteed payment, was a different entity from Fabricators, the party alleged in the complaint. The deposition of O’Neal’s credit manager, who set up the account for Manufacturing and obtained the guaranty from Hyslop and Trussed, contains unambiguous testimony that he understood that in the past Hyslop had done business with O’Neal Steel through Fabricators, but that Hyslop and Trussed were embarking on a separate venture which was to be accomplished through a new and different corporation to be known as Allstate Fabricators and Manufacturing, Inc.
For some unexplained reason, the summary judgment purports to enter judgment on a debt owed by “A11 State Fabrication and Mfg., Inc.” even though the complaint alleges only an indebtedness owed by Fabricators, and no effort was made to amend the pleadings to reflect the difference between the two entities proved by the deposition testimony, or to adduce proof that, notwithstanding such testimony, in fact Manufacturing and Fabricators are one and the same corporate entity. Since we dare not speculate on what legal or factual significance, if any, this difference in corporate identity may have in this case, we are compelled to reverse the summary judgment against Hyslop and remand for further proceedings.
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., and MINER, CHARLES E., Jr., Associate Judge, concur.